## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CARLOS ANTONIO RAYMOND,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:19-cv-00596-OLG-HJB** |
| | § | |
| **J.P. MORGAN CHASE BANK, and** | § | |
| **FLAG STAR BANK** | § | |
| | § | |
| *Defendants.* | § | |

---

## DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFF'S NOTICE OF MOTION FOR JUDICIAL REVIEW IN RESPONSE TO MOTION FOR MORE TIME AND MOTION TO DISMISS

Defendants JPMorgan Chase Bank, N.A. ("JPMC") and Flagstar Bank, FSB ("Flagstar"), collectively "Defendants," move to strike Plaintiff's Notice of Motion for Judicial Review in Response to Motion for More Time and Motion to Dismiss (Doc. 57) because Plaintiff has failed to comply with the Court's Order dated September 17, 2019. (Doc. 37).

### I.   RELEVANT PROCEDURAL BACKGROUND

1.      This suit arises from a residential mortgage loan (the "Loan") that JPMC previously serviced and the real property commonly known as 8054 Silver Grove, San Antonio, Texas 78254 (the "Property"). The Department of Veteran's Affairs (the "VA") is the investor on the Loan. (Doc. 8 at 3.) Flagstar is the current mortgage servicer.

2.      Plaintiff filed his initial pleading on June 17, 2019. (Doc. 5.) Plaintiff amended his complaint on July 10, 2019, asserting a litany of claims against JPMC and Flagstar, including wrongful foreclosure, misrepresentation, breach of good faith and fair dealing, defamation of character, breach of contract, fraud, and negligent misrepresentation, and quiet title. (Doc. 10.)

612352.1  105474.0052

1

Plaintiff filed a series of documents seeking to supplement his amended complaint on July 15, 2019. (Docs. 12-14.)

3.      On August 12, 2019, JPMC filed its Motion to Dismiss for Failure to State a Claim. (Doc. 16.) On August 26, 2019, Flagstar moved to dismiss Plaintiff's First Amended Complaint. (Doc. 24.)

4.      On September 3, 2019, Plaintiff filed a series of documents seeking to amend or supplement the record or his pleadings. (Docs. 26-28.) On September 5, 2019, Plaintiff moved to again amend his Complaint. (Doc. 30.)

5.      On September 17, 2019, the Court addressed a series of pending motions in two Orders. (Docs. 37, 38.) The Court granted Plaintiff leave to file an amended complaint, of no more than twenty (20) pages." (Doc. 37 at 4) and admonished Plaintiff that "absent exceptional circumstances, no additional pleadings or motions will be permitted by the Court until it has considered Plaintiff's amended pleadings and resolved any pending motion to dismiss."  Motion for Extension of Time to Answer to Defendants['] Motion to Dismiss (Doc. 25, "Motion for Five-Month Extension"), which now appears moot.

6.      On October 7, 2019, Flagstar and JPMC received ECF notice of Plaintiff's Third Amended Complaint with (Doc. 40), which exceeded the Court-imposed page limit by fourteen pages. Plaintiff also filed various other Motions and Advisories not authorized by the Court (Doc. Nos. 41-45).

7.      On October 14, 2019, Flagstar and JPMC filed a Joint Motion to Strike Plaintiff's Third Amended Complaint because it exceeded the page limit set by the Court in its September 17, 2019 Order (Doc. No. 46). In addition, Defendants sought to strike the extraneous Motions and Advisories which were prohibited by the Court's September 17, 2019 Order.

8.      On October 18, 2019 the Plaintiff filed a Motion to Exceed Page Limits (Doc. No. 47), to which Defendants filed a Joint Opposition on October 23, 2019 (Doc. No. 48).

9.      On November 11, 2019, JPMC filed its Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. No. 52), it does not appear to Defendants that Plaintiff has filed a response in opposition to that motion as of the date of the filing of the instant motion.

10.     On November 13, 2019, Flagstar filed an Opposed Motion for Extension of Time to File its Motion to Dismiss Plaintiff's Third Amended Complaint, and a Proposed Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. No. 53).

11.     On November 18, 2019, Plaintiff filed a Motion to Amend Complaint, Motion for Entry of Default, Motion for Sanctions, Motion to Assert the "Equity" Doctrine and Prinsiple [sic] by Carlos Antonio Raymond and Response in Opposition to Defendant Flagstar's Motion for Extension of Time and Motion to Dismiss the Third Amended Complaint (Doc. No. 56).

12.     On November 21, 2019, Plaintiff filed the Notice of Motion for Judicial Review in Response to Motion for More Time and Motion to Dismiss (Doc. 57) which Defendants now jointly seek to strike.

## II.      MOTION TO STRIKE

The Federal Rules of Civil Procedure 16(f) provides for the imposition of various sanctions for violations of scheduling and other pretrial orders of the district court. One of the sanctions authorized by Rule 16(f), by reference to Rule 37, is striking pleadings in whole or in part. *See* Fed.R.Civ.P. 37(b)(2)(A)(iii).

In this instance, the Court's September 17, 2019 Orders expressly states that "Plaintiff is admonished that, absent exceptional circumstances, no additional pleadings or motions will be

permitted by the Court until it has considered Plaintiff's amended pleading and resolved any pending motion to dismiss." *See* Doc. No. 37, pg. 4, ¶(1)(d).

As Defendants have already pointed out in their first Joint Motion to Strike (Doc. No. 46), Plaintiff continues to disregard the orders of this Court to limit his filings to the items permitted by the Court. This has the effect of making the litigation of this matter more difficult for all parties involved, not to mention the Court.

This Court has the ability and discretion to "control the expeditious disposition of docketed cases" and thereby maintain order in the administration of the cases before it, as well as timely advance matters towards a resolution. *See Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985); *Link v. Wabash R. Co*., 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962).

Plaintiff's Notice of Motion for Judicial Review in Response to Motion for More Time and Motion to Dismiss – as with most of Plaintiff's filings – is difficult to decipher. However it appears to Defendants that in the Notice the Plaintiff is seeking denial of Flagstar's Motion for Extension of Time to file its Motion to Dismiss, a factual finding regarding the Defendants' alleged failure to provide a Notice of Servicing Transfer, and sanctions as a result of the Defendants' alleged failure to provide that document in a timely fashion (despite the fact that the Notice of Servicing Transfer was attached to Plaintiff's initial pleading).

Plaintiff's filing at Doc. No. 57 does not detail what exceptional circumstances were present that necessitated Plaintiff's filing of a document that is almost entirely duplicative or derivative of the allegations set out in Plaintiff's Third Amended Complaint. Because Plaintiff has not even attempted to provide the Court with a reason that the confusing filing was needed, and because it does not contain any new information nor seek any new relief, it ought to be struck.

Accordingly, JPMC and Flagstar jointly request that the Court strike Plaintiff's Notice of Motion for Judicial Review in Response to Motion for More Time and Motion to Dismiss (Doc. 57) – for failure to abide by the Court's prohibition of filing motions or pleadings until Plaintiff's amended complaint has been properly addressed.

### III.   CONCLUSION

JPMC and Flagstar request that the Court strike the Notice of Motion for Judicial Review in Response to Motion for More Time and Motion to Dismiss (Doc. 57) because it is duplicative, and violates a prior order of the Court. Defendants further request such other and further relief as this Court may determine is just.

Respectfully submitted,

*/s/ Matt D. Manning*
**MATT D. MANNING**
State Bar No. 24070210
**MATTHEW A. KNOX**
State Bar No. 24071102
McGlinchey Stafford, PLLC
1001 McKinney St., Suite 1500
Houston, Texas 77002
Telephone: (713) 520-1900
Facsimile: (713) 520-1025
***ATTORNEYS FOR DEFENDANT***
***FLAGSTAR BANK FSB***

*/s/ Rachel L. Hytken*
WM. LANCE LEWIS
Texas Bar No. 12314560
RACHEL L. HYTKEN
Texas Bar No. 24072163
**QUILLING, SELANDER, LOWNDS,**
 **WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
rhytken@qslwm.com

612352.1  105474.0052

**ATTORNEYS FOR DEFENDANT
JPMORGAN CHASE BANK, N.A.**

## CERTIFICATE OF CONFERENCE

On November 26, 2019, the undersigned sent the above motion to Plaintiff Carlos Raymond to confer in good faith and determine whether he opposes the relief requested. Mr. Raymond did not respond by the time this item was filed, and therefore he should be considered opposed to the relief sought herein.

*Matt D. Manning*
Matt D. Manning

## CERTIFICATE OF SERVICE

This is to certify that on November 26, 2019, a true and correct copy of the foregoing pleading has been furnished to Plaintiff, pro se, and all counsel of record in accordance with the Federal Rules of Civil Procedure.

*Via Certified Mail/RRR No. 9414 7266 9904 2120 8062 60*
Carlos Antonio Raymond
8054 Silver Grove
San Antonio, Texas 78254
Survivor0253@aol.com

*/s/ Matt D. Manning*
Matt D. Manning

612352.1  105474.0052